refused to cooperate." *Hardison v. Trans World Airlines, Inc., supra,* at 39 [emphasis added].

 It is clear that a union may also be held liable for violations of Title VII. This liability arises if the union purposely acts or refuses to act in a manner which *prevents* or *obstructs* a reasonable accommodation by the employer so as to cause the employer to discriminate. *Hardison v. Trans World Airlines, Inc., supra,* at 42 [emphasis added].

The evidence fails to establish that Local 136 violated this duty owed to plaintiff. The union promptly filed and properly pursued the grievances filed, as far as was possible. The union on its own filed a grievance concerning plaintiff's discharge. This grievance did not assert religious discrimination as a grounds for the grievance. The Court can not conclude, however, that this amounted to a breach of the duty the union owed to plaintiff. Plaintiff did not ask union personnel to file this grievance on his behalf, nor did he tell them that he believed his discharge to be the result of religious discrimination. Under these circumstances, the union can not be held liable for failure to assert religious discrimination as a grounds for discharge. There is no evidence which shows that the union acted or refused to act so as to prevent or obstruct an accommodation by the employer. Therefore, there can be no liability.

Judgment will be entered in accordance with this opinion.

### ORDER OF JUDGMENT

Pursuant to the opinion filed this date,

It is hereby ordered, adjudged and decreed that plaintiff shall have judgment against defendant Chrysler Corporation in the amount of $9,867.52 at defendant Chrysler Corporation's costs.

It is further ordered, adjudged and decreed that defendant Chrysler Corporation be and is enjoined from discriminating against plaintiff on account of his religious beliefs and observances.

It is further ordered, adjudged and decreed that defendant Chrysler Corporation be and is required to reinstate plaintiff to his former position with full seniority from his date of hire and that plaintiff's employment record be cleared of all disciplinary actions relating to his absences for religious reasons.

It is further ordered, adjudged and decreed that defendant Chrysler Corporation pay plaintiff's attorney fees in the amount of $3,300.00.

It is further ordered, adjudged and decreed that defendant United Automobile, Aerospace and Agricultural Implement Workers of America, Local 136 shall have judgment against plaintiff.

---

**JOHNSTON'S FUEL LINERS, INC., et al., Plaintiffs,**

v.

**The UNITED STATES of America and the Interstate Commerce Commission, Defendants,**

**and**

**Dan Dugan Transport Company, Intervening-Defendant.**

**No. C74–76.**

United States District Court, D. Wyoming.

Feb. 12, 1976.

Ward A. White, of Guy, Williams & White, Cheyenne, Wyo., Robert F. Munsell, Chicago, Ill., and John H. Lewis, of Stockton & Lewis, Denver, Colo., for plaintiffs.

James P. Castberg, U. S. Atty. for the District of Wyo., Dept. of Justice, Cheyenne, Wyo., Kenneth G. Caplan, I. C. C., Washington, D. C., James L. Applegate, of Hirst & Applegate, Cheyenne, Wyo., F. Fred Fischer, Sioux Falls, S. D., and James R. Becker, of May, Johnson & Burke, Sioux Falls, S. D., for defendants.

Before BARRETT, Circuit Judge, and BRIMMER and KERR, District Judges.

## MEMORANDUM OPINION

BRIMMER, District Judge.

The Plaintiffs, Johnston's Fuel Liners, Inc., Milwaukee Motor Transportation Co. and Universal Transport, Inc., filed their complaint seeking to modify, set aside, annul, suspend or reverse an order of the Interstate Commerce Commission in the matter of Dan Dugan Transport Co., Extension—Asphalt, MC22195 (Sub 147). The Plaintiffs are common carriers who hold certificates of public convenience and necessity issued by the Commission. Jurisdiction is claimed under Sections 17(9) and 205(g) and (h) of the Interstate Commerce Act (49 U.S.C. Sections 305(g), (h) and Section 17).

On October 18, 1972 Intervenor Defendant, Dan Dugan Transport Company, applied to the Commission for authority as a common carrier by motor vehicle (1) to transport cement from points in South Dakota to points in Minnesota, Nebraska, Iowa, and North Dakota, (2) to transport asphalt, road oils, and residual fuel oils in bulk, in tank vehicles, between points in South Dakota, between points in North Dakota, and between points in South Dakota and North Dakota, and (3) to transport liquid asphalt, road oil, and residual oil from facilities of Jebro, Inc., Sioux City, Iowa, to points in Minnesota, Nebraska, South Dakota, and Iowa.

The matter was set before the Commission on its modified procedure, which provides for determination by verified statements of the parties, without oral hearing. After verified statements were filed in support of and in opposition to the application, Review Board Number 3, which is conducted by the staff of the Commission, on November 2, 1973, granted the applicant the authority it had requested. Plaintiffs, who had entered their verified statements in opposition to the application, then filed Petitions for Reconsideration, and the Commission, acting as Appellate Division 1, considered the matter upon that record and the petitions were subsequently denied on April 4, 1974.

The Plaintiffs object to the grant of authority as to Dugan's requests (1) and (2). Plaintiffs contend that Review Board Number 3 erred in concluding that the evidence supported a grant of the requests, in contravention of the requirements of the Federal Administrative Procedures Act and the Interstate Commerce Act. Plaintiffs contend that Appellate Division 1 of the Commission erred in denying the Petitions for Reconsideration and in upholding the findings of Review Board Number 3. Plaintiffs urge there was an absence of substantial evidence presented by the applicant upon which the Commission could base its decision and that in granting the application, the Commission acted arbitrarily, capriciously, and beyond its jurisdiction.

█ The scope of review of a decision of the Commission is narrow and limited. *Bowman Transportation, Inc. v. Arkansas-Best Freight System, Inc.*, 419 U.S. 281, 95 S.Ct. 438, 42 L.Ed.2d 447 (1974), reh. den. 420 U.S. 956 (1975). The reviewing Court must "consider whether the decision was based on a consideration of the relevant factors and whether there has been a clear error of judgment." *Citizens to Preserve Overton Park, Inc. v. Volpe*, 401 U.S. 402, 91 S.Ct. 814, 28 L.Ed.2d 136 (1971). The Court cannot substitute its judgment for that of the agency. *Supra*, at 416, 91 S.Ct. 814. Even though a decision is less than ideally clear, as in the case at bar, the reviewing Court may not substitute its judgment for that of the agency. *Bowman Transportation, Inc. v. Arkansas-Best Freight System, Inc., supra*, 419 U.S. at 285, 95 S.Ct. 438.

█ We are limited to determining if there is substantial evidence on the record as a whole to support the findings of Review Board Number 3 and of Division 1. *City of Sheridan v. United States*, 303 F.Supp. 990 (D.Wyo.1969), affmd. 396 U.S. 281, 90 S.Ct. 545, 24 L.Ed.2d 462 (1969). In evaluating the substantiality of the evidence, we must also consider whatever evidence in the record fairly detracts from its weight; however, such a requirement is not intended to negative the function of an agency which is equipped or informed by experience to deal with a specialized field of knowledge and which the Court must respect. *Universal Camera Corp. v. N. L. R. B.*, 340 U.S. 474, 71 S.Ct. 456, 95 L.Ed. 456 (1951).

█ The issue before Review Board Number 3 and the Commission was not whether Plaintiffs' services met some absolute standard, but whether public convenience and necessity would be served by the entry of Dan Dugan Transportation Company into the market served by them. *Bowman Transportation, Inc. v. Arkansas-Best Freight System, Inc., supra*, 419 U.S. at 288, 95 S.Ct. 438. The Commission is authorized by Congress to grant an application for a certificate if it

finds that the applicant is fit, willing and able to perform the proposed service and that the service proposed "is or will be required by the present or future public convenience and necessity." 49 U.S.C. Section 307. In considering the application the Commission had before it the verified statements of affected shippers which stated that during peak construction periods immediate availability of a carrier was essential and that this, together with anticipated future expansion, supported the granting of the authority to Dugan Transportation Company on a permanent basis. The Commission also had before it verified statements that rail service which had been the primary method of transportation for one of the shippers, Tennefos Construction Company, had deteriorated and that ex-rail authority extending into all of North Dakota and South Dakota was important for it to meet its needs for prompt and direct service. Dugan Transportation Company was experienced in transporting these commodities, it conducted the main body of its operations throughout the involved territory, it had terminals near or at the sought origin points, it had the service program and equipment suitable for each shipper's needs, it was willing to expend additional funds to acquire additional equipment, and it had a sound financial basis.

The Commission's conclusion that the benefits to be derived from granting the application reflects the kind of power entrusted to it; namely, a power to weigh competing interests and to arrive at a balance deemed to be for the public convenience and necessity. *Bowman Transportation, Inc. v. Arkansas-Best Freight System, Inc., supra*, at 293, 95 S.Ct. 438. A review of the evidence indicates a rational basis for the Commission's decision, and the "arbitrary and capricious" test requires nothing more. *Bowman Transportation, Inc. v. Arkansas-Best Freight System, Inc., supra*, at 290, 95 S.Ct. 438. The Commission's decision is therefore affirmed, and an Order will be entered in conformity herewith.